Thibodeau v. Blake's Restaurant        CV-97-657-SD   04/23/98

UNITED STATES DISTRICT COURT FOR THE

                      DISTRICT OF NEW HAMPSHIRE


<u>Mary Thibodeau</u>

        v.                              Civil No. 97-657-SD

<u>Richard F. Madden, Inc.,</u>
 <u>d/b/a Blake's Restaurant</u>;
<u>Scott England</u>


                            O R D E R


        Plaintiff Mary Thibodeau brings this claim against her

former employer, defendant Blake's Restaurant, alleging sexual

harassment by a coworker.  Presently before the court is

defendants' motion for partial judgment on the pleadings, to

which plaintiff objects.

        Defendant Scott England is entitled to judgment on

plaintiff's Title VII claim because, as this court has previously

ruled, there is no individual liability under Title VII of the

Civil Rights Act of 1964, 42 U.S.C. § 2000e, <u>et seq.</u>  <u>Miller v.</u>

<u>CBC Companies, Inc.</u>, 908 F. Supp. 1054, 1065 (D.N.H. 1995).  In

addition, the court can find no grounds to distinguish the

Americans with Disabilities Act, 42 U.S.C. § 12101, <u>et seq.</u>

(ADA), from Title VII on the issue of individual liability.  Thus

the court holds that the ADA does not impose individual liability

either, and defendant England is entitled to judgment on

plaintiff's ADA claim.

        Defendants Blake's and England are entitled to judgment on

plaintiff's claim under New Hampshire Revised Statutes Annotated

(RSA) 354-A:7 because that statute does not provide a private

right of action.  <u>Lowry v. Cabletron Systems, Inc.</u>, 973 F. Supp. 77, 82 (D.N.H. 1997).  This court has noted that individuals "are limited to 'seeking relief through the administrative process created by the statute and to obtaining judicial review of the results thereof in state court.'"  <u>Id</u>. (quoting <u>Tsetseranos v. Tech Prototype, Inc.</u>, 893 F. Supp. 109, 120 (D.N.H. 1995)).

Both defendants are entitled to judgment on plaintiff's wrongful discharge and implied covenant of good faith and fair dealing claims because "a plaintiff may not pursue a common law remedy where the legislature intended to replace it with a statutory cause of action."  <u>Nedder v. Rivier College</u>, 944 F. Supp. 111, 121 (D.N.H. 1996) (internal citations omitted).  Title VII has been held to replace a common law action for wrongful discharge.  <u>Id.</u>  In addition, plaintiff's claim under the implied covenant of good faith and fair dealing is subsumed by her wrongful discharge claim.  Since plaintiff has a remedy under Title VII, she may not pursue claims for wrongful discharge and implied covenant of good faith and fair dealing.

Defendants Blake's and England also are entitled to judgment for plaintiff's negligent supervision and negligent infliction of emotional distress claims, as those claims are barred by RSA 281-A:8, the exclusivity provision of the workers' compensation law.  <u>Miller</u>, <u>supra</u>, 908 F. Supp. at 1068.  Further, the exclusivity provision bars plaintiff's claim for intentional infliction of emotional distress against defendant Blake's.

Since all the state law claims against Blake's are dismissed, Blake's is entitled to judgment on plaintiff's claim for enhanced compensatory damages. In addition, since all the federal claims against England are dismissed, England is entitled to judgment on plaintiff's punitive damages claim.

## Conclusion

For the foregoing reasons, the motion for judgment on the pleadings is granted in part and denied in part. As to defendant Blake's, the motion is granted as to Counts IV, V, VI, VII, VIII, IX, and X; as to defendant England, it is granted as to Counts I, II, III, IV, V, VI, VIII, IX and XI. The other counts remain viable.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

April 23, 1998

cc:    Diane M. Gorrow, Esq.
       Martha V. Gordon, Esq.